## Harris v. Harris et al.

March 5, 1948.

Edward P. Hill, Judge.

Joe Hobson for appellant.

W. S. Wallen (deceased) and Edward L. Allen for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—Affirming.

This is a suit for an accounting and for the sale of real estate owned jointly by appellant and her brother, the principal appellee. The Chancellor settled the accounts of the parties; allowing appellee a small recovery against appellant, dividing the personalty, and ordering the real estate sold. This appeal is based on objections to numerous items of account.

The mother of appellant and appellee died intestate in 1944, leaving these two children as her only heirs at law. At the time of her death her estate had no liquid assets, but consisted of some tangible personal property and a town lot in Prestonsburg. On this lot were located two houses. At the time of the mother's death one house was occupied by appellant and the other by appellee and family. Later appellee moved to the larger house, which had been occupied by appellant, and at intervals they lived in the same house. The other house was rented to a third person.

No administrator of the estate was appointed, but appellee undertook to handle the affairs of the estate

and was doing so at the time suit was filed in July, 1946. He had made no accounting to his sister.

Soon after their mother's death appellant and appellee executed a note for $900, secured by a mortgage on the real estate, to a local bank. The proceeds of this note were used by appellee to pay hospital, doctor, and other bills. Thereafter appellee made some small advancements to appellant from time to time and expended various sums for the upkeep and repair of the two houses.

A substantial record was built up by the parties regarding the various expenditures by appellee. It would serve no useful purpose to go into detail.

The Special Commissioner, Bert T. Combs, who heard the evidence in the case, filed an excellent and exhaustive report on April 10, 1947, covering every phase of the controversy. A just and fair balance of accounts showed that appellant was actually indebted to appellee in a small amount. This report was upheld in all respects by the Chancellor.

We have carefully considered the entire record, and find that it not only supports the judgment but manifests that the finest type of justice was done between the parties.

The judgment is affirmed.